J-S92013-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| SHERRI ADELKOFF, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN ADELKOFF, | : | |
| | : | |
| Appellant | : | No. 711 WDA 2016 |

Appeal from the Decree April 25, 2016
in the Court of Common Pleas of Allegheny County
Family Court at No(s): FD 13-008242-016

BEFORE:     SHOGAN, MOULTON, and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.: **FILED: April 21, 2017**

I respectfully dissent.

As this Court has explained,

[a] trial court has broad discretion when fashioning an award of equitable distribution. Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is "whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure." We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an "abuse of discretion" unless the law has been "overridden or misapplied or the judgment exercised" was "manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record." In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. "[W]e measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights

_____

*Retired Senior Judge assigned to the Superior Court.

***Childress v. Bogosian***, 12 A.3d 448, 455 (Pa. Super. 2011) (citations omitted).

Here, the trial court found credible the testimony of Wife's expert, Mr. Brabender, who concluded that Husband's interest in IEP could not be valued at the time of the equitable distribution hearing. Trial Court Opinion, 7/7/2016, at 11. Based on this testimony, the court determined that IEP was a going concern and crafted an order requiring Husband to hold the IEP interest in a constructive trust for the benefit of both parties. It was well within the court's discretion to defer distribution of Husband's IEP interest until such interest can be valued. Based on our standard of review, I believe we must affirm.

Additionally, I note that, while deferred disposition schemes are not favored generally, in situations such as the one presented here, such arrangements serve economic justice in the long run. I am unconvinced that the Majority's remand for a hearing at this juncture will result in a final distribution order because there is no guarantee that the IEP interest can be valued at this time. If Mr. Brabender testifies that the interest cannot be valued, and the learned trial judge agrees and Husband again appeals, do we have a second do-over? Experts are costly and attorneys are equally expensive. The parties have had their bite at the apple. Remands could go *ad infinitum*.

Accordingly, because I find that the trial court did not abuse its discretion in crafting its equitable distribution order, I would affirm.